And welcome to the Ninth Circuit Court of Appeal. We'll hear the cases in the order in which they appear on the day sheet. And I'll remind appellants' counsel that if they wish to reserve some time for rebuttal, they should watch the clock in front of them, because we won't remind them of their stated time for the rebuttal. The first case is Ahmed Abdi v. William Barr. Please proceed. Good morning, Your Honors. My name is Robin Carr, and I'm the attorney for Petitioner Ahmed Mohammed Abdi. Your Honors, we're asking the court to find that an immigration judge's duty to develop the record in the case of an asylum seeker with a religious persecution claim includes a duty to consider and to ensure that the State Department's International Religious Freedom Report is part of the record. We're also asking the court to find that the immigration judge abused her discretion when she denied reopening for Mr. Abdi to supplement the record with the International Religious Freedom Report and with additional evidence related to the presence and the activities of the al-Shabaab in the Jubiland area that Mr. Abdi hails from. Mr. Abdi, appearing pro se, stated a prima facie case for asylum based on religious persecution. If the court refers to page 4 of his asylum application or page 222 of the appellate record, Mr. Abdi states that his father was a sheikh or a religious leader for his clan, the Shakal, and that the al-Shabaab tortured Mr. Abdi's father because of his celebration of Mawlid, a celebration or an observance of the birth of the prophet Mohammed that the Sufi observe. Mr. Abdi also stated an asylum claim based on persecution, clan-based persecution. He said that the Jarad tribe had a land dispute with his father and that eventually they shot and killed his father, and that was related to the land dispute. The only objective evidence in the record of proceedings was a 2014 country report. Now, in that 2014 country report, as the country report for every year does, there was merely a reference in the country report to the State Department's International Religious Freedom Report if the reader wants to understand issues of religious freedom in the country. This is a motion to reopen that was denied. This was a motion to reopen. It was untimely. That's correct. It was your duty to show that country conditions had changed. How was the Board of Immigration Appeal, how did it abuse its discretion in finding that you didn't prove country conditions had changed? Well, the only evidence about country conditions in this record of proceedings was a 2014 country report. We provided evidence attached to the motion to reopen to show that between the time of the hearing and the time we filed the motion to reopen, the al-Shabaab had moved into the Jubiland area and established... And you didn't show that the al-Shabaab had been there before? The 2015 country report with respect to the al-Shabaab merely stated that the al-Shabaab had control of much of southern and central Somalia, but didn't speak specifically about the fact that the al-Shabaab has now established a logistical and strategic headquarters in the Jubiland area. And that, I would say, bears directly on Mr. Abdi's claim. I suppose what I'm trying to... I'm not asking this question all too well, but I'll try again. Where is the evidence that the al-Shabaab did not have the control over the area at the time of the hearing, but did have control of the area at the time of the motion to reopen? That's a changed country condition, which I'm trying to understand from your argument. I guess my argument is that the 2000 country report is silent as to what specific areas the al-Shabaab had control over. And the 2014 report is not? The 2014 report merely stated that the al-Shabaab had control of much of central and southern Somalia, but did not speak specifically about what areas, whether they had control over, say, the Jubiland area. Pardon me for interrupting you. I would also say whether the reopening also could have been based on a sua sponte reopening. And we argued for both, that the court, because there was a due process violation, namely the immigration judge, did not ensure that the religious freedom report was part of the record, then the remedy for that would have been sua sponte reopening in the interest of justice. Mr. Abdi clearly stated his claim for religious persecution, and... Go ahead, but the date, the date of the merits here in my notes show was the 29th of October, 15, isn't that right? I believe it was January 7, 2016. And the only country report available at that time was the 2014 country report. But we take issue with the fact that though the 2014 country report was part of the record, the international religious freedom report, which should have been incorporated by reference into the country report, was not part of the record. The immigration judge did not request, and she easily could have. I think you take a look at your file, you'll see that the merits hearing, the date of the merits hearing, when we talk about a change in country conditions, don't you have to fix the start and then see that there's been a change from A, between date A and date B, and this merits hearing was, I'm fairly certain, October the 29th, 2015. And so you want to show, I think, what change of, what the change in the conditions in the country were from that date forward, do you? You do, Your Honor. And it may be true that that was when the merits hearing was and that the judge released her decision in January of that year. But Mr. Abdi was appearing pro se at the time, and I didn't come on board until I filed the motion to reopen. But when we review it, don't we have to see that there's been a change following that date? If the reopening is based on changed country conditions, then yes, that's what he would have to show. Is that what you're basing it on? We're basing it on, we requested reopening based on both changed country conditions and on a request for sua sponte reopening in the interest of justice. And it's your position that the ALJ did not explain the reason why the sua sponte motion, a motion to excise sua sponte reopening was not granted, right? Neither the judge nor the board addressed the request for sua sponte reopening. And under Bonilla, we have the jurisdiction to review the reasoning behind the decision to deny sua sponte. That's correct, Your Honor. Thank you. In his dissent in the Fisher case, Judge Noonan addressed the immigration judge's duty to develop the record. And there were several Ninth Circuit cases after that, which were cited in my brief that also agreed with Judge Noonan's position. And if the panel doesn't have any more questions, I'll reserve my remaining time for rebuttal. Thank you. Good morning, Greg Pennington for the Attorney General. Good to see you again. Likewise, Judge Bea. It's happy to be here day two in Portland. I want to start with any arguments regarding the impropriety of the original removal proceeding. Now, the merits hearing was held on January 7th. I just looked at the hearing notices and the October one was a master hearing. So it was just another- January 7th of what year? 2016. And Mr. Abdi waived appeal of the immigration judge's decision on that day. He did not appeal it to the board. He did not file a petition for review in this court. So any arguments regarding the impropriety, whether the judge should have included evidence in the record, whether the judge was biased or had a high denial rate or any of those arguments, the court lacks jurisdiction to consider them. I mean, the statute's really clear that you have to file a petition for review within 30 days of final order of removal. And this court lacks jurisdiction if a petition for review is not filed. So only looking at the motion to reopen, it was an untimely motion to reopen. And the only exception acknowledged in the motion to reopen was changed country conditions. And in order to do that, you have to show conditions have changed materially since January 7th, 2016 and the date of the motion to reopen. And the evidence submitted with the motion to reopen shows a mere continuation of violence committed by Al-Shabaab. What baseline do we use? You use... It's their burden to show that there's been a material change, so conditions have changed, that makes an applicant who was not eligible for asylum now eligible for asylum. Right, I know that, but what baseline do we use? In this particular circumstance, her allegation is there's a 2014 report that included the religious, or referred to, a religious freedom report, I'm paraphrasing, and that she thinks, you know, wasn't considered. So the ALJ decided, or IJ decided, basically, that things were bad and they remained bad. Again, paraphrasing. But I'm curious about the baseline. And that matters to me because we're trying to figure out whether there's a material change in the delta between point A and point B, as Judge Ferris said. So at point A, are we supposed to look at just the 2014 report? That's all that was considered, right? It's there, well, we're not looking at the original removal proceeding. We don't even have the immigration judge's decision. I'm not suggesting otherwise, counsel. I'm just trying to figure out what is the baseline for purposes of the motion to reopen for measuring the delta, the materiality of the changed circumstances. We look at the evidence that she's pointing to regarding conditions at that time. Right, and so her point is that what was considered is the 2014 report without the 2015. And so when she came back to move to reopen, then she's saying, you know, point B includes that religious freedom report. Is that the appropriate measure? I don't think so. We have to look at the evidence she's claiming existed at 2014 or 2016 versus the evidence of the time of the motion to reopen. Whether or not there was the report included in the original decision, we're not looking at that as a baseline. We're looking at just the evidence she submitted with the motion to reopen. Right, and her position, I'm just trying to get you to engage with her position as I understand it. And her position is that we submitted this earlier report that made reference to another report that wasn't considered but that should have been. That is her argument. Right. And hence, I'm trying to figure out what is the baseline measure that the IJ considered because the IJ then came back and said, well, there hasn't been a material change. Right, I guess I'm confusing your question with, her argument is that because the 2014 report that was submitted at the original removal proceeding cited the religious freedom report, that report should have been included. But whether the IJ should have included that is not currently before the court. What is before the court is whether there was a material change in circumstances. Right. And we have to measure point A and point B as Judge Ferris said. I think we know what point B is, what evidence we have of the country conditions at point B. Right. But my point is, while the IJ said, well, there hasn't been any change, since at point A, the religious freedom report was not considered, it seems to me she's got an argument that there's a different delta there. There is a material change of circumstances because the snapshot at the beginning of the period was only the 2014 report. And I'm just interested in the government's response to that. Well, I would say that the evidence she did submit, which predates her hearing, shows that Al-Shabaab was targeting Sufi Muslims throughout Somalia, as were they targeting military, police, NGOs, civilians. This is an indiscriminate terror organization. So whether we're looking at what is point A, I think what the immigration judge was looking at was the entire evidence she submitted. So she'd lumped it into two groups. There was the evidence that was available. So everything that had a date before January, 2016, she said that's not new evidence as required under the statutory exception to the 90-day deadline. So then she looked at the evidence that was new and compared it. And what she saw was, regardless, it just shows that Al-Shabaab is an indiscriminate terror group. And she didn't abuse her discretion in deciding that. I don't know if that answers your question. I think it does, but I'll let it go. I think you maybe have answered it to the extent you can. And I apologize. I don't think you're trying to avoid it. It's fine. Typically, and what the board has said in a matter of SYG, is the point of comparison sticks solely with the motion to reopen. So we're not looking at anything underlying the removal order. We're looking at the evidence submitted with the motion to reopen. And she needs- I fully appreciate that. I'm just trying to get the baseline. You're now speaking to point B. That's what was submitted with the motion to reopen. I'm trying to get the baseline because we're trying to assess whether there was a material change in circumstances. Right, but the point A also has to be submitted with the motion to reopen. Yes, it was. It was. But her argument is, let me get at it this way. What is your response to her contention that at point A, the immigration court only considered, or didn't consider the religious freedom report? What's your response to that? My response is that the court lacks jurisdiction to consider that argument, because that's an argument- This is just for purposes of assessing the baseline. But what she's really doing is attacking the immigration judge's failure to consider evidence at the original removal proceedings. Whether she is or not, I'm not. I'm just trying to figure out what the quantum is of changed circumstances. But I'll let this go now. Okay. I don't think we're getting anywhere. Thank you. And I apologize. Not at all. Would you address the sua smati point? Tell me why we shouldn't remand this case to the BIA to explain the basis on which they denied the motion to exercise their discretion under sua smati to see if there was some legal or constitutional error under Bonilla. Okay. I reread the motion to reopen three times this morning. Not once does her motion to reopen state the word sua smati. And if you look at the motion to reopen, and this is at page 91 through 92, this is where she acknowledges that she's seeking to reopen in the interest of justice. That's how she phrases it. She doesn't cite to the regulation on sua smati reopening. She doesn't utter the word sua smati reopening. The argument I made is one she didn't. Right. So the immigration judge was under no duty to consider sua smati reopening because she phrased it as she was seeking reopening in the interest of justice to further develop the record. Again, the majority of her arguments go to the IJ at the original removal proceeding. So if she doesn't ask the immigration judge to sua smati reopening, which is a misnomer because it's something that the immigration judge or the board does on its own motion, the immigration judge is under no duty to consider a request for sua smati reopening. But it is under duty if a request is made for sua smati reopening to deny it and explain why. I would agree that the IJ would be under a duty to address arguments made. They can't just fail or ignore arguments, but it's our position that it wasn't even made in the motion to reopen. And again, I read it three times this morning. I would urge the court to look at page 91 and 92 of the record at the motion to reopen to see how it was raised to the IJ. Thank you, sir. And if there are no further questions, I'm taking it down here. Ms. Carr, have we missed something on your sua smati point? Did you ever move the BIA to exercise sua smati reopening? In the motion to reopen, I addressed it as a motion to reopen in the interest of justice. In the briefing to the Board of Immigration Appeals, I did specifically cite to the statute and mentioned the term sua smati reopening. So it was a citation to a statute which mentioned sua smati reopening? I did make that specific request to the board. All right, thank you. And the board did not address that question. I'm gonna try again. On my baseline question and what I wanna know in particular is what is your contention? You think that in 2014 that the religious freedom report was not considered? How do we know it was not considered? If it was considered, the judge certainly did not mention that in her denial of the motion to reopen. What's the appropriate baseline for purpose of determining, comparing point A to point B? What should we look at at point A? I would say the baseline would have to be the evidence that was before the immigration court at the time of the merits hearing. In this case, the only objective evidence that was in front of the court was a 2014 country report and nothing else. Thank you very much. Thank you. Thank you both. The case of Abdi versus Barr will be submitted.
judges: Farris, Bea, Christen